Case: 3:21-cv-50304 Document #: 1 Filed: 07/30/21 Page 1 of 19 PageID #:1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| PATRICIA ST. CLAIR<br><br>    Plaintiff,<br><br>v.<br><br>TECHALLOY COMPANY, INC.; CENTRAL WIRE, INC.; CENTRAL WIRE INDUSTRIES LTD; CWI HOLDING INC.; LINCOLN ELECTRIC HOLDINGS, INC.; USI HOLDING, INC.; ARCELORMITTAL INTERNATIONAL AMERICA, LLC; ARCELORMITTAL USA FOUNDATION INC.; CLEVELAND-CLIFFS STEEL, LLC; GERRY ROUP; HENRY LOPES; RICHARD PERLICK; RICHARD GUSTAFSON; MIKE GRUNTHANER; DAVID PLECNER; VICTOR POLARD; CARL REED; TERRY TAMINAUSKSAS; TOM HANEWALD; THIERY CREMAILH; GUNNAR K. GILBERG; JEAN-CLAUDE COUASNON; JACK ZUHARICH; VIKING CHEMICAL COMPANY; WESTON SOLUTIONS, INC.; MATRIX ENVIRONMENTAL, INCORPORDATED; AUTMNWOOD ESH CONSULTANTS, LLC; ANTEA USA, INC.; JOHN W. THORSEN; PHIBRO-TECH, INC.; C P CHEMICALS, INC. f/k/a Southern California Chemical Company, Inc.; NORTEK GLOBAL HVAC, LLC; BROAN-NUTONE, LLC; RANGAIRE MANUFACTURING COMPANY, LP; and MELROSE INDUSTRIES PLC,<br><br>    Defendants. | Case No. _21 CV 50304_____ |

**NOTICE OF REMOVAL**

NOW COMES Defendant, PHIBRO-TECH, INC. ("Phibro-Tech") and C P CHEMICALS, INC. ("C P Chemicals"), incorrectly sued as C P CHEMICALS, INC. f/k/a Southern California Chemical Company, Inc., by and through its attorneys, Kingshuk K. Roy, Kolton A. Reed, and Dustin J. Karrison of Purcell & Wardrope, Chtd., pursuant to 28 U.S.C. §§1332, 1441, and 1446, files this Notice of Removal with respect to the above-captioned action, commenced and pending in the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois, under Case Number 21LA000168 to the United States District Court for the Northern District of Illinois, Western Division, for the reasons stated below:

## INTRODUCTION

1. On June 24, 2021, Plaintiff, PATRICIA ST. CLAIR ("St. Clair"), filed a 346 page complaint containing 3,797 paragraphs and seeking money damages against TECHALLOY COMPANY, INC.; CENTRAL WIRE, INC.; CENTRAL WIRE INDUSTRIES LTD; CWI HOLDING INC.; LINCOLN ELECTRIC HOLDINGS, INC.; USI HOLDING, INC.; ARCELORMITTAL INTERNATIONAL AMERICA, LLC; ARCELORMITTAL USA FOUNDATION INC.; CLEVELAND-CLIFFS STEEL, LLC; GERRY ROUP; HENRY LOPES; RICHARD PERLICK; RICHARD GUSTAFSON; MIKE GRUNTHANER; DAVID PLECNER; VICTOR POLARD; CARL REED; TERRY TAMINAUSKSAS; TOM HANEWALD; THIERY CREMAILH; GUNNAR K. GILBERG; JEAN-CLAUDE COUASNON; JACK ZUHARICH; VIKING CHEMICAL COMPANY; WESTON SOLUTIONS, INC.; MATRIX ENVIRONMENTAL, INCORPORDATED; AUTMNWOOD ESH CONSULTANTS, LLC; ANTEA USA, INC.; JOHN W. THORSEN; PHIBRO-TECH, INC.; C P CHEMICALS, INC. f/k/a Southern California Chemical Company, Inc.; NORTEK GLOBAL HVAC, LLC; BROAN-NUTONE, LLC; RANGAIRE MANUFACTURING COMPANY, LP; and MELROSE

INDUSTRIES PLC, in the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois under Case No. 21LA000168. (*See* Summons and Complaint, attached as **Exhibit A**).

2. Counsel for Phibro-Tech and C P Chemicals accepted service on behalf of their clients on July 2, 2021.

3. This lawsuit is a civil action within the meaning of 28 U.S.C. §§1441(a) and 1446(b).

4. Furthermore, this lawsuit is a sister case to *Dana Harper v. Central Wire, Inc. et al.*, currently pending in the United States District Court for the Northern District of Illinois Western Division, under Case No. 19-cv-50287 ("Harper"). (Harper Dkt. No. 98). These cases arise out of the same transaction or occurrence and allege the same or substantially similar facts that give rise to the common counts alleged against the defendants. Specifically, both plaintiffs allege that defendants caused or contributed to contamination in or around the Village of Union, which plaintiffs were exposed to, causing their respective injuries.

5. On October 1, 2019, Dana Harper filed her Complaint in the in the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois, which was subsequently removed to this Honorable Court. *Harper v. Central Wire, Inc. et al.*, No. 19-cv-50287 (N.D. Ill.) (Harper Dkt. No. 1). On June 17, 2021, Ms. Harper moved, on an emergency basis, for leave to file a third amended complaint adding thirty new defendants, some of which are non-diverse and would destroy diversity jurisdiction. (Harper Dkt. No. 151). The emergency motion was denied on the basis that Ms. Harper's perceived emergency, the running of the statute of limitations, was not in fact an emergency when she could file a separate lawsuit against whomever she believes may be liable. Therefore, on June 23, 2021, Ms. Harper filed a separate lawsuit against the thirty additional

defendants in the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois under Case No. 21LA000162.

6. Ms. Harper's motion for leave to file her third amended complaint is still being challenged before this Court. The Response in Opposition to Plaintiff's Motion for Leave to File Her Third Amended Complaint alleges, among other things, that plaintiff's attempted joinder of the non-diverse parties was forum shopping, constitutes fraudulent joinder, and fails under 28 U.S.C. §1447(e) and *Schur v. L.A. Weight Loss Ctrs., Inc.*, 557 F.3d 752 (7th Cir. 2009). (Harper Dkt. No. 162).

7. The same circumstance presents itself in the instant case. Plaintiff St. Clair, a former resident of Union, IL, filed suit against the original defendants in the *Harper* case and the thirty defendants Harper is seeking to add, some of which are non-diverse from Plaintiff. Plaintiff's inclusion of these defendants can only be viewed as an improper attempt to forum shop, and for the reasons outlined below, Plaintiff cannot establish a cause of action against the non-diverse defendants and removal is proper.

## VENUE

8. Venue is proper pursuant to 28 U.S.C, §1441(a), which permits removal of any civil action brought in the State Court of which the district courts of the United States have original jurisdiction. The original jurisdiction of United States District Court for the Northern District of Illinois includes McHenry County, Illinois, the place where this suit is currently pending.

## DIVERSITY OF CITIZENSHIP

9. This Court has original jurisdiction of this matter under the provisions of 28 U.S.C. § 1332 as all *properly joined* parties are diverse, and the action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

10. St. Clair is a citizen and resident of the city of Marengo, County of McHenry, Illinois.

11. Defendant, Phibro-Tech, Inc. ("Phibro-Tech") is incorporated in Delaware and has its principal place of business in New Jersey. (Compl. at ¶¶84, 85; see, e.g., The City of Waukegan v. Bond Safeguard Ins. Co., No. 15 C 3007, 2015 WL 6870106, at *2 (N.D. Ill. Nov. 6, 2015)). Therefore, Phibro-Tech is a citizen of Delaware and New Jersey.

12. Defendant C P Chemicals, Inc., incorrectly sued as C P Chemicals, Inc. f/k/a Southern California Company, Inc., is incorporated in Delaware and has its principal place of business in New Jersey. (Compl. at ¶¶93, 94; see, e.g., The City of Waukegan v. Bond Safeguard Ins. Co., No. 15 C 3007, 2015 WL 6870106, at *2 (N.D. Ill. Nov. 6, 2015).)

13. Defendants, Central Wire, Inc. and Techalloy Company, Inc. ("Techalloy") are the same corporation. Techalloy was incorporated in Pennsylvania. St. Clair incorrectly alleges that Techalloy's principal place of business was 6509 Olson Road, Union, Illinois 60180. (Compl. at ¶4). On August 11, 2011, Techalloy changed its name to Central Wire Inc. ("Central Wire") (Harper Dkt. 1-1, Ex. C, Articles of Amendment dated August 11, 2011). Techalloy is no longer in business. For purposes of determining diversity, Techalloy is a nominal party whose prior citizenship does not affect diversity jurisdiction. *Selfix, Inc. v. Bisk*, 867 F. Supp. 1333, 1335 (N.D. Ill. 1994).[1] To the extent the Techalloy is considered an entity separate and apart from Central Wire, Techalloy has been served and consents to removal.

---

[1] A nominal defendant "has no ownership interest in the property which is the subject of litigation." *S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991).

14. Defendant, Central Wire remains a Pennsylvania corporation. (Compl. at ¶8). Central Wire's principal place of business is located in Michigan City, Indiana, where the sole director that manages Central Wire is located, and where Central Wire's finance, payroll and human resource operations are directed and run. (Harper, Dkt. 97). Central Wire has been served and consents to removal.

15. Defendant, Central Wire Industries, LTD, is a Canadian corporation, with its principal place of business in Perth, Ontario. (Compl. at ¶12).

16. Defendant, CWI Holdings, Inc., is a Delaware corporation, with its principal place of business in Perth, Ontario. (*Id*. at ¶14).

17. Defendant, Lincoln Electric Holdings, Inc., is an Ohio corporation, with its principal place of business in Columbus, Ohio. (*Id*. at ¶16).

18. Defendant, USI Holding, Inc., is a Nevada corporation, with its principal place of business in Carson City, Nevada. (*Id*. at ¶18).

19. Defendant, Henry Lopes, is a citizen and resident of the city of Naples, County of Collier, Florida. (*Id*. at ¶¶30, 31).

20. Defendant, Victor Polard, is a citizen and resident of Le Paradou, France. (*Id*. at ¶46).

21. Defendant, Carl Reed, is a citizen and resident of the city of Cypress, County of Harris, Texas. (*Id*. at ¶¶48, 49).

22. Defendant, Tom Hanewald, is a citizen and resident of the city of Fort Wayne, County of Allen, Indiana. (*Id*. at ¶¶55, 56).

23. Defendant, Thiery Cremailh, is a citizen and resident of the city of Mahwah, County of Bergen, New Jersey. (*Id*. at ¶¶58, 59).

24. Defendant, Gunnar Gilberg, is a citizen and resident of the city of London, United Kingdom. (*Id*. at ¶¶61, 62).

25. Defendant, Jean-Claude Couasnon, is a citizen and resident of the city of Le Chesnay, France. (*Id*. at ¶¶64, 65).

26. Defendant, Jack Zuharich, is a citizen and resident of the city of Newtown, County of Fairfield, Connecticut. (*Id*. at ¶¶67, 68).

27. Defendant, Weston Solutions, Inc., is a Pennsylvania Corporation, with its principal place of business in West Chester, Pennsylvania. (*Id*. at ¶71).

28. Defendant, Matrix Environmental, Inc., is a California Corporation, with its principal place of business in Long Beach, California. (*Id*. at ¶73).

29. Defendant, Autmnwood ESH Consultants, LLC, is a Wisconsin limited liability company. For the purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members. *See Camic Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989 (7th Cir. 2007). The sole member of Autmnwood ESH Consultants, LLC is John Thorsen, who is a citizen of the State of Wisconsin. (Harper, Dkt. 162-1).

30. Defendant, Antea USA, Inc., is a Minnesota Corporation, with its principal place of business in Roseville, Minnesota. (Compl. at ¶77).

31. Defendant, John Thorsen, is a citizen and resident of the city of Mount Pleasant, County of Racine, Wisconsin. (*Id*. at ¶¶82, 83).

32. Defendant, Nortek Global HVAC, LLC, is Delaware limited liability company. Plaintiff incorrectly alleges that Nortek Global HVAC, LLC is a Missouri Corporation. (*Id*. at ¶103). Plaintiff does not allege the citizenship of Nortek Global HVAC, LLC's member(s). To our knowledge it has not been served and we cannot confirm the citizenship of its members.

33. Defendant, Broan-NuTone, LLC, is a Delaware limited liability company. Plaintiff incorrectly alleges that Broan-NuTone, LLC, is a Delaware Corporation. (*Id*. at ¶104). Plaintiff does not allege the citizenship of Broan-NuTone, LLC's member(s). To our knowledge it has not been served and we cannot confirm the citizenship of its members.

34. Defendant, Rangaire Manufacturing Company, LP, is a Texas limited partnership. Plaintiff incorrectly alleges that Rangaire Manufacturing Company, LP, is a Texas Corporation. (Compl. at ¶105). For the purposes of diversity jurisdiction, a limited partnership has the citizenship of each of its partners. *See Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990). Plaintiff does not allege the citizenship of Rangaire Manufacturing Company, LP's partners. To our knowledge it has not been served and we cannot confirm the citizenship of its partners.

35. Defendant, Melrose Industries, PLC, is a British private limited company, with its principal place of business in Birmingham, England. (*Id*. at ¶106). Courts from various jurisdictions in the United States have also taken the position that private limited companies incorporated under the laws of the UK, such as Melrose Industries, PLC, are to be treated as corporations for diversity jurisdiction purposes. *See, e.g., Century Metal Recycling, Pvt. Ltd. v. Dacon Logistics, LLC*, No. 3:13-CV-00093 CSH, 2013 WL 5929816, at *3 (D. Conn. Nov. 4, 2013); *Simon Holdings PLC Group of Companies U.K. v. Klenz*, 878 F. Supp. 210, 211 (M.D. Fla.1995) (treating a private limited company "incorporated under the laws of the United Kingdom" as a corporation for diversity and subject matter jurisdiction purposes pursuant to a determination of its citizenship under 28 U.S.C. § 1332); *SHLD, LLC v. Hall*, No. 15 CIV. 6225 LLS, 2015 WL 5772261, at * 2 (S.D.N.Y. Sept. 29, 2015) ("UK private limited companies are treated as corporations for the purposes of diversity subject-matter jurisdiction."); *Wexler v. Allegion (UK) Ltd.*, No. 16 CIV. 2252 (ER), 2016 WL 6662267, at *3 (S.D.N.Y. Nov. 9, 2016)

("Allegion UK is a UK private limited company. Accordingly, it is treated as a corporation for the purposes of diversity subject matter jurisdiction, and is 'deemed to be a citizen of the State or foreign state where it has its principal place of business.'"). As such, Melrose Industries, PLC should be treated as a corporation and as a citizen of the United Kingdom for diversity purposes.

36. Defendant, Cleveland-Cliffs Steel, LLC, is a Delaware limited liability company. Plaintiff incorrectly alleges Cleveland-Cliffs Steel, LLC, is a Delaware Corporation. (Compl. at ¶24). The sole member of Cleveland-Cliffs, LLC, is Cleveland-Cliffs Steel Holdings, Inc., a corporation organized under the laws of the State of Ohio, with its principal place of business in Ohio.

37. Defendant, ArcelorMittal International America, LLC, is a Delaware limited liability company. Plaintiff incorrectly alleges ArcelorMittal International America, LLC, is a Delaware Corporation. (*Id*. at ¶20). Plaintiff does not allege the citizenship of ArcelorMittal International America, LLC's member(s). To our knowledge it has not been served and we cannot confirm the citizenship of its members.

## NON-DIVERSE ALLEGED-DEFENDANTS

38. Defendant, ArcelorMittal USA Foundation, Inc., is a Delaware corporation, with its principal place of business in Chicago, Illinois. (*Id*. at ¶22).

39. Defendant Gerry Roup, is a citizen and resident of the city of Algonquin, County of McHenry, Illinois. (*Id*. at ¶¶27, 28). He was the General Manager at Techalloy and Central Wire in Union, IL, from 2005 to 2020. (*Id*. at ¶26).

40. Defendant, Richard Perlick, is a citizen and resident of the city of Crystal Lake, County of McHenry, Illinois. (*Id*. at ¶¶33, 34). He was a General Manager of Techalloy and Central Wire in Union, IL, from 1990 to 1997. (*Id*. at ¶32).

41. Defendant, Richard Gustafson, is a citizen and resident of the city of Rockford, County of Winnebago, Illinois. (*Id*. at ¶¶36, 37). He was a production manager at Techalloy and Central Wire in Union, IL, from 2006 to 2020. (*Id*. at ¶35).

42. Defendant, Mike Grunthaner, is a citizen and resident of the city of Lake in the Hills, County of McHenry, Illinois. (*Id*. at ¶¶39, 40). He was the production manager of Techalloy and Central Wire in Union, IL, from 1990 to 2006. (*Id*. at ¶38).

43. Defendant, Dave Plecner, is a citizen and resident of the city of Marengo, County of McHenry, Illinois. (*Id*. at ¶¶42, 43). He was an employee of Tehcalloy and Central Wire in Union, IL, from 1986 to 2009. (*Id*. at ¶2503).

44. Defendant, Terry Tamanauskas, is a citizen and resident of the city of Roscoe, County of Winnebago, Illinois. (*Id*. at ¶¶52, 53). He has been employed at the Techalloy and Central Wire in Union, IL, from 2000 to the present. (*Id*. at ¶50).

45. Defendant, Viking Chemical Company, is an Illinois Corporation, with its principal place of business in Rockford, Illinois. (*Id*. at ¶69).

## **ARGUMENT**

46. Plaintiff has not and cannot conceivably establish a cause of action against the non-diverse defendants. Under the fraudulent joinder doctrine, a defendant's right of removal premised on diversity cannot be defeated by the presence of nondiverse defendants against whom the plaintiff's claim has "no chance of success." See, e.g. *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). The doctrine prevents plaintiffs from alleging cases against nondiverse defendants simply to destroy diversity jurisdiction. Schur *v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

47. Plaintiff filed claims against ten non-diverse defendants that fall into three primary categories: (A.) employees of defendant Central Wire, who started working at the company after Plaintiff left Union; (B.) three alleged "parent companies" and "current operator[s]" of Central Wire and its Union facility, assertions which simply are not supported by fact; and (C.) a chemical distributor that sold products to Techalloy, and beyond that had no duty to Plaintiff. Plaintiff has no chance of success against any of these defendants. As such, the parties remain diverse.

**A. Plaintiff Fails to State a Causes of Action Against Central Wire Employees**

48. Plaintiff alleged negligence causes of actions against six non-diverse former and/or current employees of Techalloy Central Wire: Gerry Roup, Richard Perlick, Richard Gustafson, Mike Grunthaner, David Plecner, and Terry Tamanauskas. (Compl. at Count XXVIII, XXX, XXXI, XXXII, XXXIII, XXXVI) However, Plaintiff moved away from Union Illinois in 1983 (Compl. at ¶2.) All of these current/former employees began working for Central Wire after 1983. (Compl. at ¶¶26, 32, 35, 38, 50, 2503-2504[2].) Furthermore, save for David Plecner who started with the company in 1986, none of these individuals were yet working at the company in 1987 when Central Wire ceased using, storing, or disposing of the chlorinated solvents Plaintiff alleges she was exposed to. (Harper, Dkt. No. 162-1, Declaration of John W. Thorsen at ¶¶4-6). Plaintiff cannot reasonably expect to sustain claims against individuals that did not begin working at the Union Plant until after the conduct Plaintiff complains of had ended or after the time where she resided in Union.

49. Plaintiff has failed to allege any independent duty these employees owed to her. The law of agency does not impute a duty that the principal owes to a third party onto an agent.

---

[2] Plaintiff states in paragraph 41 that Mr. Plecner (spelled incorrectly) worked at the Union Plant "from 1962 through 2010." This appear to be a typo, as Plaintiff later states in paragraphs 2503-2504 that Mr. Plecner (spelled correctly) worked at the Union plant between 1986 and 2009.

*Hoidas v. Wal-Mart Stores, Inc.*, 09 C 7409, 2010 WL 1790864, at *2 (N.D. Ill. Apr. 30, 2010) (citing Bovan v. Am. Family Life Ins. Co., 386 Ill.App.3d 933, 943, 897 N.E.2d 288, 296 (1st Dist. 2008)). Similarly, an agent who breaches a duty owed solely to her principal is not independently liable to an injured party. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 765 (7th Cir. 2009) (citing *Bovan*, 386 Ill.App.3d at 941, 897 N.E.2d at 296). Instead, the duty of care flows from the relationship between the parties. *Roh v. Starbucks Corp.*, 13 C 8865, 2015 WL 232374, at *1 (N.D. Ill. Jan. 14, 2015) (citing *Hoidas*, 2010 WL 1790864, at *2). Thus, a claim with a reasonable possibility of success must at least suggest an independent duty that the defendant owes to the plaintiff. *Id*. "Formulaic recitation" that a manager owed a duty "to exercise a reasonable degree of care and caution in the inspection of their premises is not sufficient to meet the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)." *Hoidas*, 09 C 7409, 2010 WL 1790864, at *2.

50. Here, Plaintiff has asserted the same type of formulaic recitations rejected in *Hoidas* and *Roh*. Plaintiff does not allege that these agents owed any independent duty of care to her. Instead, Plaintiff repeats the same generic duties allegedly owned by every one of these agents. Liability cannot as a matter of law be imputed to them personally. Furthermore, Plaintiff does not allege the employees were active tortfeasors or exacerbated the pre-existing contamination. In general, Plaintiff recites the same six "duty" allegations against these agents:

> a. Had a duty to exercise ordinary care for those living near the plant breathing, drinking or otherwise ingesting air and water containing TCE and other contaminants from the factory (Compl, ¶¶2435, 2463, 2477, 2491, 2505, 2548);
> b. Knew or should have known that TCE and other contaminants were unsafe to humans if they entered the water supply (*Id.* ¶¶2436, 2464, 2478, 2492, 2506, 2549);
> c. Knew or should have known that it was not safe to dispose TCE and other contaminants on site (*Id.* ¶¶2437, 2465, 2479, 2493, 2507, 2550);
> d. Knew or should have known that placing TCE on a cement slab would cause it to leach into the water supply (*Id.* ¶¶2438, 2466, 2480, 2494, 2508, 2551);

e. Knew or should have known that exposing humans to TCE without proper disposal was not safe (*Id.* ¶¶2439, 2467, 2481, 2495, 2509, 2552); and

f. Did not determine if the factory's disposal of TCE onto concrete slabs posed a health risk to individuals living near the factory (*Id.* ¶¶2440, 2468, 2482, 2496, 2510, 2553).

51. Plaintiff failed to allege that any of these employees knew of Central Wire's use of TCE. Likewise, all allegations of breach of duty are identical:

a. Failed to test the St. Clair home for TCE, TCA, PCE, DCE, and DCA;
b. Participated in unsafe disposal practices for TCE, TCA, PCE, DCE, and DCA;
c. Failed to implement safe disposal practices for TCE, TCA, PCE, DCE, and DCA;
d. Allowed TCE, TCA, PCE, DCE, and DCA to be released beyond into the town of Union's underground water supply;
e. Failed to alert and advise residents, including the St. Clairs, that TCE, TCA, PCA, DCE, and DCA had entered the groundwater;
f. Failed to timely and properly warn residents, including the St. Clairs, of the hazards associated with TCE, TCA, PCE, DCE, and DCA;
g. Failed to timely and properly remove the TCA, TCE, PCE, DCE, and DCA; and/or
h. Failed to timely and properly protect residents, including the St. Clair, of the harmful effects of TCA, TCE, PCE, DCE, and DCA.

(*Id.* ¶¶2441, 2469, 2483, 2497, 2511, 2554.)

52. The allegations are not specific to any acts or omissions taken by each individual current/former employee and it would be impossible for these six defendants to breach any of the proposed duties owed to Plaintiff, after she no longer resided in Union or breach of said duties before they worked at the Union Plant.

**B. Arcelormittal International America, LLC; Arcelormittal USA Foundation, Inc.; Cleveland-Cliffs Steel, LLC; are Not Successors in Interest to Central Wire nor have they Owned or Operated the Union Plan**

53. Plaintiff asserts identical allegations of "successor in interest liability" and negligence against ArcelorMittal International America, LLC, ArcelorMittal USA Foundation, Inc., and Cleveland-Cliffs Steel, LLC. Plaintiff alleges that each "acquired an ownership interest" in Central Wire, are "parent company[ies]" to Central Wire, and are "current operator[s] of the

facility located at 6509 Olson Road, Union, Illinois." (Compl. ¶¶2171, 2174, 2244, 2248, 2270, 2271). Each of these claims are false and cannot support a cause of action against these defendants.

54. ArcelorMitall International America, LLC; ArcelorMittal USA Foundation, Inc.; and Cleveland-Cliffs, LLC do not own any shares of Central Wire, Inc., are not parent companies of Central Wire, Inc., and do not operate Central Wire's facility located at 6509 Olson Road, Union, Illinois. (Harper, Dkt. No. 162-6, Declaration of Chris Charron at ¶¶21-23). Central Wire does not share any employees with these companies. (*Id.*) Furthermore, Central Wire has never transferred any assets or equipment, nor assigned any contracts, to these companies. (*Id.* at ¶20). The allegations against ArcelorMittal International America, LLC; ArcelorMittal USA Foundation, Inc., and Cleveland-Cliffs Steel, LLC, are unsupportable and fail to establish causes of action for successor liability as none were the mere continuation of business following an asset transfer.

55. Additionally, Plaintiff's negligence claims against ArcelorMittal International America, LLC, ArcelorMittal USA Foundation, Inc., and Cleveland-Cliffs Steel, LLC, fail. Plaintiff does not allege that these entities owned or operated the plant and premises during the alleged period of alleged wrongful conduct (1960 to 1984) or the timeframe during which Plaintiff lived in Union (1962 to 1983). (Compl. at ¶¶2171, 2244, 2270.) She could not because Central Wire, Inc. (formerly known as Techalloy Company, Inc.) has always owned and operated or maintained the plant and property at 6509 Olson Road in Union, Illinois. (Harper, Dkt. 162-2, Charron Decl., at ¶4). Plaintiff also failed to allege any independent duty these companies owed to her. Finally, because her "successor in interest" claims against them fail, so too do her negligence claims.

56. It should be noted, plaintiff improperly alleges that ArcelorMittal International America, LLC, and Cleveland-Cliffs Steel, LLC, are Delaware *corporations* with principal places of business at One South Dearborn, Chicago, Illinois. (Compl. ¶¶20, 22, 24). This is obviously false, given that both entities have "LLC" in their names. Further, "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Plaintiff has failed to allege the citizenship of each of ArcelorMittal International America, LLC, and Cleveland-Cliffs Steel, LLC's members, and her allegation of the LLCs' principal place of business in Illinois is not relevant to the subject matter jurisdiction analysis, and does not destroy diversity. (*Id*.) With that said, neither ArcelorMittal International America, LLC, nor Cleveland-Cliffs Steel, LLC are citizens of the State of Illinois.

**C. Plaintiff Fails to Establish that Viking Chemical Company Owed Her a Duty, and Therefore Cannot Sustain Her Cause of Action**

57. Plaintiff alleges that Viking Chemical Company ("Viking") manufactured and distributed to Techalloy the same organic compounds to which Plaintiff became exposed. (Compl. ¶¶2631-2650). Yet Plaintiff has failed to allege that Viking owed *Plaintiff a* duty or that Viking breached any duty it may have owed to Plaintiff. The only direct duty plaintiff alleges Viking breach is that, as the manufacturer/distributor, Viking, "[f]ail[ed] to warn the Village of Union that a consumer purchased TCE in their town; and/or failed to warn the St. Clair residence that a neighboring manufacturing plant purchased their TCE. . ." (Compl. ¶¶3601 at p, q).

58. "The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action." Restatement (Second) of Torts §314 (1965). "The duty analysis begins with the question of whether the defendant by act or omission created or contributed to a risk of harm to the plaintiff…

If the answer is no, then we address whether there were any special relationships that establish duty between the defendant and the plaintiff, i.e., common carrier/passenger, innkeeper/guest, custodian/ward, and possessor of land who holds it open to the public/member of the public who enters in response to the possessor's invitation." *Bruntjen v. Bethalto Pizza, LLC*, 2014 IL App (5th) 120245, ¶40, 18 N.E.3d 215, 231; *see also Simpkins v. CSX Transp., Inc.*, 2012 IL 110662, ¶21, 965 N.E.2d 1092, 1098 (same). "Where the act or omission of the defendant did not contribute to a risk of harm to the plaintiff, the absence of a special relationship negates any duty to take affirmative action to protect the plaintiff." *Bruntjen v. Bethalto Pizza, LLC*, 2014 IL App (5th) 120245, ¶41, 18 N.E.3d 215, 231.

59. Under Illinois law, a manufacturer has a duty to adequately warn and instruct the *consumer/user* about the dangers of its product of which it knew, or, in the exercise of ordinary care, should have known, at the time the product left the manufacturer's/other's control. *Woodill v. Parke Davis & Co.*, 79 Ill. 2d 26, 35, 402 N.E.2d 194 (1980); Illinois Pattern Jury Instructions (Civil) 400.07D (emphasis added).

60. The law does not require Viking to warn every resident in every town for which it sells products, of potential dangers of those products. Illinois law simply does not impose that burden on Viking, and for that reason, Plaintiff fails to establish that Viking owed Plaintiff a duty and Count XLII cannot withstand a motion to dismiss and, as such, is futile. *See, e.g., Iseberg v. Gross*, 227 Ill.2d 78, 101, 879 N.E.2d 278, 292 (2007); *Sculles v. Am. Envtl. Products, Inc.*, 227 Ill.App.3d 741, 744, 592 N.E.2d 271, 273 (1st Dist. 1992); *Reddick v. Suits*, 2011 IL App (2d) 100480, ¶32, 960 N.E.2d 1182, 1189.

61. Plaintiff has failed to allege that Viking had a "special relationship" with Plaintiff – or indeed any relationship with Plaintiff at all. Viking sold chemicals to Central Wire and as such

only had a relationship with Central Wire. Viking's relationship with Central Wire does not impute a legal duty from Viking to Plaintiff. *See Roh v. Starbucks Corp.*, 13 C 8865, 2015 WL 232374, at *1 (N.D. Ill. Jan. 14, 2015) ("The law of agency does not impute a duty that the principal owes to a third party onto an agent."). Viking does not fit into the four "special relationship" categories and therefore owes no duty to Plaintiff.

62. Plaintiff has no reasonable possibility of success against Viking, as it owed no legal duty to her whatsoever.

## AMOUNT IN CONTROVERSY

63. St. Clair alleges she has sustained permanent injuries. She has alleged she has developed Multipile Sclerosis and autoimmune disease, due to her claimed exposure to volatile organic compounds and ammonia allegedly emitted from Defendants' manufacturing facilities. (Compl. ¶¶2162). St. Clair asserts causes of action for negligence, premises liability, civil battery, and public nuisance. (*Id*. Count XLVII, XLIX, L, LI). St. Clair seeks recovery for physical pain, mental suffering, emotional distress, disability, disfigurement, loss of a normal life, lost wages, and medical and hospital bills. (*Id*. at ¶3658).

64. Although Phibro-Tech denies that it caused St. Clair's alleged injuries and that Plaintiff, is entitled to any monetary relief whatsoever, Phibro-Tech believes, in good faith, that the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs and interest. (See Affidavit of Kingshuk K. Roy attached as **Exhibit B**).

## CONCLUSION

65. This Notice of Removal is being filed within thirty (30) days after service of the action, and is timely filed pursuant to 28 U.S.C. § 1446(b). This Notice of Removal is timely filed with this Court within thirty (30) days after Defendants, Phibro-Tech and C P Chemicals, received

the first pleading "or other paper" from which the removable nature of this case was first ascertainable by Defendants, Phibro-Tech and C P Chemicals. 28 U.S.C. §1446(b)(3).

66. The entire available court file for the subject case in the Circuit Court of the Twenty Second Judicial Circuit, McHenry County, Illinois, is attached hereto as **Exhibit C**. The court file was last reviewed on July 30, 2021.

67. As required by 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon St. Clair, by and through her attorney of record, and is being filed with the Clerk of McHenry County, Illinois, and written notice of the filing will be given to Plaintiff.

68. By filing a Notice of Removal in this matter, Defendants, Phibro-Tech and C P Chemicals do not waive its rights to object to jurisdiction over the person, or venue, and the expiration of the applicable statute of limitations, and it specifically reserves the right to assert any other defenses and/or objections to which it may be entitled as a matter of law or equity.

69. By filing this Notice of Removal, Defendants, Phibro-Tech and C P Chemicals do not waive any defenses that may be available to it.

70. Defendants, Phibro-Tech and C P Chemicalls, hereby demands a jury trial in this matter.

WHEREFORE, Defendants, Phibro-Tech and C P Chemicals, hereby files this Notice of Removal so that the entire State Court action, Case Number 21LA000168, now pending in McHenry County, Illinois, be removed to the United States District Court for the Northern District of Illinois, Western Division, for all further proceedings.

        Respectfully submitted,

        PURCELL & WARDROPE, CHTD.

By:   /s/ Kingshuk K. Roy

        Attorney for Defendants

Kingshuk K. Roy
Kolton A. Reed
PURCELL & WARDROPE, CHTD.
10 S. LaSalle Street, Suite 1200
Chicago, IL 60603
Tel (312) 427-3900
Fax (312) 427-3944
KKR@pw-law.com
KReed@pw-law.com